IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAROON K. ULLAH | Civil Action No. 1:19-cr-183 |

**MOTION TO RESOLVE DISPUTE OVER
DEFENDANT'S MENTAL HEALTH RECORDS**

Defendant Haroon K. Ullah, PhD ("Dr. Ullah"), through counsel, moves this Court to enter an order resolving the dispute over his mental health records. Dr. Ullah waives his right to a hearing on this motion.

On Wednesday, September 18, 2019, Dr. Ullah, while expressly reserving all rights inherent in his psychotherapist-patient privilege with his therapist, produced a summary report from his therapist detailing his mental health condition to the Government and to Pretrial Services.[1] This satisfies the probation officer's needs in preparing the final presentence investigation report; however, the probation officer has refused to relent on their proposal and the Government has not taken a position on this issue. The probation officer's proposal, which amounts to forced, non-confidential therapy, as a bond condition, impermissibly contravenes the psychotherapist-patient privilege. Accordingly, this Court should cancel the hearing currently set for Friday, September 20, 2019, and proceed as planned to sentencing on October 11, 2019.

---

[1] To the extent this Court desires to review the summary report, Dr. Ullah will provide it to the Court upon request under seal.

1

## BACKGROUND

On June 27, 2019, Dr. Ullah waived his right to indictment and pled guilty to one count of theft of government funds, in violation of 18 U.S.C. § 641. *See* June 27, 2019 Minute Entry (ECF No. 6). The Court scheduled sentencing for October 11, 2019. *See id.*

That same day, the Court released Dr. Ullah on $25,000 bond and imposed a number of conditions of release. *See* Order Setting Conditions of Release at 1-2 (ECF No. 11). But the Court did not order Dr. Ullah to undergo any mental health treatment. *See id.* Nor, as this Court has noted, did it order Dr. Ullah "to waive any rights of confidentiality regarding his medical treatment." Sealed Order at 1 (ECF No. 13).

Roughly two months later, on August 22, 2019, this Court entered a sealed order in this case. *See id.* That Order specifies that Dr. Ullah informed his probation officer that he had sought mental health treatment, but refused to sign a release regarding his treatment and condition. *See id.* at 1. As a result, the Order continues, the probation officer asked the Court to "requir[e] that [Dr. Ullah] participate in mental health treatment and counseling as directed by Pretrial Services and . . . waive all rights of confidentiality to such information." *Id.* "It appears," the Court concluded, that Dr. Ullah "would object to the imposition of such a condition." *Id.* In turn, the Court set a hearing on the matter for September 6, 2019, *see id.*, which it later rescheduled for September 20, 2019.

## ARGUMENT

"The rules on privilege apply to all stages of a case or proceeding." Fed. R. Evid. 1101(c). Though Rule 1101(d) provides that the Federal Rules of Evidence do not apply to "sentencing" and proceedings regarding "considering whether to release [a defendant] on bail or otherwise" the Federal Rules of Evidence, Rule 1101(d) "except[s] [] those [rules] on privilege" from its purview.

"The United States Supreme Court has recognized a psychotherapist-patient privilege, finding that psychotherapy serves 'a public good of transcendent importance.'" *United States v. Bolander*, 722 F.3d 199, 221 (4th Cir. 2013) (quoting *Jaffee v. Redmond*, 518 U.S. 1, 11 (1996)). By the time of the Supreme Court's decision in *Jaffee*, "all fifty states plus the District of Columbia had some version of the psychotherapist-patient privilege." *Id.* In sum, "confidential communications between a patient and a [psychotherapist], during the course of diagnosis or treatment, are privileged and protected from discovery." *Id.*

In reaching its decision to recognize the privilege, the *Jaffee* Court rejected the use of a balancing test to determine whether to order disclosure of mental health records. *See* 518 U.S. at 17. "Effective psychotherapy," the Court explained, "depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories and fears." *Id.* at 10. Thus, "[m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure," the Court concluded, "would eviscerate the effectiveness of the privilege." *Id.* at 17.

The probation officer's proposal in this case would do just that. Initially, as the Supreme Court made clear in *Jaffee*, forced mental health counseling without confidentiality is a feckless endeavor. Furthermore, Dr. Ullah's proposal—that he submit a summary report from his mental health care provider to pretrial services—provides the probation officer with all that she needs to prepare the presentence investigation report. Finally, nothing in the Order Setting Conditions of Release or the Plea Agreement could be construed as a waiver of privilege. *Contra United States v. Lara*, 850 F.3d 686, 691 (4th Cir. 2017) (holding that defendant waived psychotherapist-patient privilege in acknowledging terms of supervised probation, which permitted "unrestricted

communication" between probation and treatment providers). Accordingly, this Court is without grounds to force Dr. Ullah to waive the psychotherapist-patient privilege.

## CONCLUSION

For these reasons, Dr. Ullah requests that this Court cancel the hearing on this issue set for Friday, September 20, 2019 and proceed as planned to sentencing on October 11, 2019.

Dated: September 19, 2019                  Respectfully submitted,

                                           /s/ Pascal F. Naples
                                           Mark E. Schamel (Admitted *Pro Hac Vice*)
                                           Pascal F. Naples (VSB No. 87849)
                                           WOMBLE BOND DICKINSON (US) LLP
                                           1200 Nineteenth Street, NW, Suite 500
                                           Washington, DC  20036
                                           Tel:   (202) 857-4481
                                           Fax:   (202) 261-0087
                                           E-mail: Mark.Schamel@wbd-us.com
                                           E-mail: Pascal.Naples@wbd-us.com

                                           *Counsel for Haroon K. Ullah*