IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-CR-183 (TSE) |
| | ) | |
| HAROON K. ULLAH, | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE TO MOTION

The United States, through undersigned counsel, respectfully submits its response to the defendant's motion to vacate the status hearing set for September 20, 2019, and opposes that portion of the defendant's motion.

The government understands that both the Pretrial Services Officer and the Probation Officer have developed concerns about the defendant's mental health, specifically, how that relates to their ability to supervise him — both currently on pretrial release, and, eventually on supervised release.

At present the draft PSR makes specific reference to the defendant's history of seeking mental health counseling, dating back to 2010. Draft PSR at ¶¶ 73-77. The defendant claims substantial stress from serving in the U.S. Embassy in Pakistan (in 2010-2013), and due to other life events. In fact, the stress and something akin to post traumatic stress disorder are offered as a form of explanation for the defendant's conduct in defrauding the government over a 9 month period in 2018, which included conduct that would constitute aggravated identity theft.

The undersigned counsel for the government understands that the defendant's history of mental health counseling was not disclosed to Pretrial Services at the time when the defendant initially reported after pleading guilty on June 27, 2019.[1] Learning of the counseling history involving multiple providers only later through the PSR process, naturally the Pretrial Services Officer (and also the Probation Officer) became concerned about the scope of the issues the defendant may be coping with; the Court's ability to monitor the defendant and to get him services he may need; and the potential he poses for recidivism or threats to himself or others. Such concerns are legitimate and are not motivated by a desire to pry into the defendant's privacy.

While it may be true that the Court cannot order the defendant to waive his patient-therapist privilege, the Fourth Circuit has been clear that failure of persons subject to Court supervision to waive the privilege carries potential consequences. Such consequences may include pretrial detention; more stringent conditions of pretrial release; more custodial time instead of early release, and so forth. *See United States v. Lara*, 850 F.3d 686, 690-692 (4th Cir. 2017). At present, Probation is concerned enough to have provisionally denied the defendant acceptance of responsibility in the draft PSR. Rather than deferring all of these issues until sentencing, the government believes that a status conference is appropriate.

---

[1] A review of the defendant's SF-86 background questionnaire he filled out and certified on September 28, 2017, indicates that he disclosed no mental health diagnoses or other condition that would adversely affect his judgment. In a subsequent field interview in 2018, he reaffirmed that information. Of note, the defendant now cites mental health stressors as a contributing factor for his crime.

For that reason, the government would ask this Court to maintain the hearing as scheduled, so that the Pretrial Services Officer and the Probation Officer may be heard.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date:   <u>September 19, 2019</u>          By:   _____<u>*/s/  Russell Carlberg*</u>_____
                                              Russell L. Carlberg
                                              Special Assistant United States Attorney LT

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                        /s/
                                Russell L. Carlberg
                                Sp. Assistant United States Attorney (LT)