Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Haroon K. Ullah                                  Docket No. 1:19-cr-00183-TSE-1

### Petition on Supervised Release

COMES NOW Elissa F. Martins, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Haroon Ullah, who was placed on supervision by the Honorable T.S. Ellis, III, United States District Judge sitting in the Court at Alexandria, Virginia, on the 22nd day of November, 2019, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable Date: July 17, 2020 @ 9am

**ORDER OF COURT**

Considered and ordered this 20 day of May, 20____ and ordered filed and made a part of the records in the above case.

_____
T.S. Ellis, III
Senior United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

*Elissa F. Martins* Digitally signed by Elissa F. Martins
Date: 2020.05.20 16:02:01 -04'00'

Elissa F. Martins
Senior U.S. Probation Officer
(703) 299-2309

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

Petition on Supervised Release  Page 2
RE: Ullah, Haroon

OFFENSE: Theft of Government Money and Property

SENTENCE: The defendant was sentenced to the custody of the United States Bureau of Prisons for a term of three (3) months. He voluntarily surrendered to serve his period of incarceration on January 22, 2020. Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years. The following special conditions were imposed: 1) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer; 2) The defendant shall provide the probation officer access to any requested financial information; 3) The defendant shall continue to participate in his ongoing mental health treatment and counseling services with his therapist. The defendant shall waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. The cost of this program is to be paid by the defendant as directed by the probation officer; 4) As reflected in the presentence report, the defendant presents a low risk of future substance abuse, and, therefore, it is recommended that the Court suspend the mandatory condition for drug testing, as defined by Title 18, United States Code, Section 3563(a)(5). However, this does not preclude the probation officer from administering drug tests as he/she deems appropriate; 5) Notify all current and future employers of the instant offense as directed by the probation officer; 6) The defendant is to complete thirty (30) hours of community service under the supervision of the probation officer, which involves writing or speaking to government employees about his experience and that there are significant consequences in criminal behavior; 7) The defendant shall pay the full amount of restitution totaling $34,388.63 due immediately. Each restitution payment shall be divided proportionately (unless otherwise ordered), among the victims identified as follows: USAGM, Attn: Financial Services Branch, Room 1655, 300 Independence Avenue, SW, Washington, DC 20237; 8) The defendant shall pay all tax obligations; and 9) The defendant shall pay a $100 special assessment fee.

ADJUSTMENT TO SUPERVISION: The defendant's term of supervised release commenced on April 20, 2020. Mr. Ullah paid the restitution in full on December 19, 2019, and he paid the special assessment fee in full on March 10, 2020. The defendant resides with his wife and daughter in Alexandria, Virginia. He has been unemployed since his release from incarceration.

As outlined below, this officer discussed the conditions of supervision on seven (7) occasions over the past month, and specifically addressed the requirement for mental health treatment and waiver of confidentiality with Mr. Ullah.

It is further noted that while the defendant was pending self-surrender, this officer discussed the Court order and the differences from pretrial and post-conviction supervision expectations. Specifically, these items were addressed on the date of sentencing, November 22, 2019, and on December 17, 2019, while conducting a home visit for pretrial supervision.

VIOLATIONS: The following violations are submitted for the Court's consideration.

| | |
|---|---|
| CONDITION 3: | FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER. |
| SPECIAL CONDITION 3: | FAILURE TO COMPLY MENTAL HEALTH TREATMENT CONDITION AS ORDERED BY THE COURT. |

On April 20 and 22, 2020; and May 7, 12, 13, 18 and 19, 2020, Mr. Ullah was instructed to sign a mental health release form as ordered by the Court. However, as of this writing, Mr. Ullah has failed to follow this writer's instructions. Furthermore, absent a signed release form, this officer is unable to verify the defendant's compliance with his court-imposed mental health condition.

**Petition on Supervised Release**  
RE: Ullah, Haroon

Page 3

Specifically, due to COVID-19, the undersigned conducted a virtual initial visit via FaceTime on April 22, 2020. On that date, the undersigned reviewed the conditions of supervision and all release forms with Mr. Ullah, to which he said he understood. The defendant advised that he did not have access to a printer, and he would sign all required release forms when he reported to the probation office in person.

On May 7, 2020, Mr. Ullah reported to the probation office for an in person initial appointment. This officer again reviewed the conditions of supervision and all release forms with Mr. Ullah. At that time, the defendant stated he was advised by defense counsel to not sign the mental health release form.

On May 12, 2020, this officer followed up with the defendant via email, after corresponding with defense counsel regarding supervision expectations, and instructed Mr. Ullah to sign and return the release form by May 13, 2020.

On May 13, 2020, the defendant called this officer and inquired about the ramifications if he did not sign the release form. The undersigned advised Mr. Ullah that the Court order specifically states that he is required to waive his rights of confidentiality regarding treatment services in order for the probation office to monitor this condition. This officer advised Mr. Ullah that if he did not comply with the court ordered instructions, the Court would be notified of his non-compliance.

On May 18, 2020, this officer called the defendant to follow up on the previous conservation as Mr. Ullah continued to not follow this officer's instruction to sign the required mental health release form. Mr. Ullah again said he had not complied because he was directed to not sign the release form by his counsel and he would follow up with his attorney regarding this matter. Later that same date, this officer received an email from the defendant which did not address the failure to sign the required release form. This officer again addressed his failure to follow this officer's instructions.

On May 19, 2020, this officer conducted a home visit at the defendant's residence at 9:00 a.m. Again, this officer addressed the above-noted failure to follow instructions. Mr. Ullah advised that he planned to contact his attorney on this date and would have the issue resolved later that morning. However, to date, Mr. Ullah has not followed up with this officer since the said home visit.

As outlined above, this officer gave instructions to Mr. Ullah in person, on the telephone, and/or via email on the following dates: April 20 and 22, 2020; and May 7, 12, 13, 18 and 19, 2020.

As of this writing, Mr. Ullah has not signed the release form allowing open communication between the probation office and his treatment provider as directed.

EFM/cdp

Prob 12 (10/09)  
VAE (rev. 5/17)